Marianne Dugan (OSB # 93256)
Internet e-mail address mdugan@mdugan.com
259 E. 5th Ave., Suite 200-D
Eugene, OR 97401
(541) 338-7072
Fax no. 866-650-5213

Brian Michaels, OSB # 92560
Internet e-mail address blmichaels@hotmail.com
259 E. 5th Ave., Suite 300
Eugene, Oregon 97401
(541) 687-0578
Fax (541) 686-2137

    Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KEVIN BUTLER, WILLIAM DAY, JOHN B. NELSON, DAWN ODELL, RICHARD POLLOCK,<br><br>    Plaintiffs,<br><br>v.<br><br>DOUGLAS COUNTY; CHRIS BROWN, Douglas County Sheriff, individually and in his official capacity,<br><br>    Defendants, | **No.** 07-6241-HO<br><br>REPLY IN SUPPORT OF MOTION TO STRIKE |

_____

    Plaintiffs submit this reply in support of their motion to strike sections of the Bean Declaration as hearsay.

    Defendants' response is based primarily upon the "residual" hearsay exception, and that argument is primarily based on defendants' argument that the hearsay statements of federal employees should be allowed in through the Bean Declaration because the federal employees

PAGE 1 - PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE

have supposedly claimed a "privilege" about the areas of inquiry. That is insufficient to support a "residual" hearsay exception.

>In order for evidence to be admitted pursuant to Rule 803(24), five conditions must be met. These are:
>
>(1) The proponent of the evidence must give the adverse party the notice specified within the rule.
>
>(2) The statement must have circumstantial guarantees of trustworthiness equivalent to the 23 specified exceptions listed in Rule 803.
>
>(3) The statement must be offered as evidence of a material fact.
>
>(4) The statement must be more probative on the point for which it is offered than any other evidence the proponent can procure through reasonable efforts.
>
>(5) The general purposes of the Federal Rules and the interests of justice must best be served by admission of the statement into evidence.

Fong v. American Airlines, Inc., 626 F.2d 759, 763 n.3 (9th Cir. 1980).

"This exception is not to be used as a new and broad hearsay exception, but rather is to be used rarely and in exceptional circumstances." Id. at 763. Thus, in Fong, the court rejected an attempt to use the residual exception, stating:

>The traditional exceptions to the hearsay rule depend for their support on circumstances such as belief of impending death, high degree of excitement, dependable written records, and so on, each of which tends to support otherwise untrustworthy hearsay evidence. The secretary's statement does not fit into one of these established categories, nor does it share any of their circumstantial guarantees of trustworthiness. It is run-of-the-mill hearsay.

See also Spivey v. Lincoln Nat. Life Ins. Co., 928 F.2d 409 (9th Cir. 1991) (alleged statements came from unidentified bank representatives and were unverifiable; residual hearsay exception did not apply).

Defendants assert that "[t]he U.S. Attorney's Office has claimed that all of its information

PAGE 2 - PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE

about the criminal prosecution was privileged." Def's Br. at 3. Defendants do not cite any document nor any case law, but plaintiffs presume that defendants are citing the federal government's motion to quash.

Either there is an applicable law enforcement privilege or there is not. If there is (which the court has held) then Bean has violated the privilege by purporting to restate what the federal government agents said to him, and in fact by stating anything about the criminal prosecution.

The reality is, of course, that by the time Bean filed his declaration, the criminal prosecutions had been completed, as explained in plaintiffs' response to the federal motion to quash. Dkt 46 at 9-10. This lawsuit does not threaten any ongoing investigation or to disclose critical investigation information. Compare Sanders v. Canal Ins. Co., 924 F. Supp. 107 (D. Or. 1996) (and cases cited therein); In re Department of Investigation of New York, 856 F.2d 481, 484 (2d Cir. 1988); Black v. Sheraton Corp., 564 F.2d 531, 545-547 (D.C. Cir. 1977); Founding Church of Scientology v. Kelley, 77 F.R.D. 378, 381 (D.D.C. 1977). There is no valid law enforcement investigatory privilege.

If there was a privilege before Bean signed his declaration, Bean has destroyed it by (supposedly) revealing the very information that is supposedly privileged. The moment Bean filed his declaration, therefore, it would have been appropriate for the defendants to obtain from their friendly federal witnesses declarations containing the first-person accounts of what Bean asserts was stated.

There is no reason Bean could not have obtained declarations from the federal agents whose statements he purports to convey. As in Fong, Bean's statements are "run-of-the-mill

PAGE 3 - PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE

hearsay" and do not meet the five factors for the residual hearsay exception.[1]

Defendants also assert that the Bean statements "come[] close to meeting other hearsay exceptions."  Defs' Br. at 4.  Defendants do not explain what hearsay exceptions they believe the Bean statements are "close to meeting."  To the contrary, the statements are classic, "run-of-the-mill hearsay."

Defendants also assert, without citation, that plaintiffs "admit" that one statement is true – that federal witness Roberts told Bean that plaintiffs had filed a motion to return the marijuana.  Defs' Br. at 7.  It makes no sense that a federal employee would have known <u>before</u> the county employees that plaintiffs had filed their motion in <u>state</u> court before the case was transferred to federal court.

**CONCLUSION**

Plaintiffs respectfully request that the Court strike as hearsay the statements within the Bean Declaration which purport to state what other people have said.

Respectfully submitted July 15, 2010.

    /s/ Marianne Dugan
Marianne Dugan, OSB # 93256
259 E. 5th Ave., Ste 200-D
Eugene, Oregon 97401
(541) 338-7072
Fax (866) 650-5213
mdugan@mdugan.com

    /s/  Brian Michaels
Brian Michaels, OSB # 92560

---

[1] Defendants continue the wrong-headed approach of conveying what the federal witnesses stated, by asserting without citation what LaFollette supposedly stated in his affidavit in support of the criminal complaints, rather than submitting that document into evidence.  Defendants' Br. at 5.

PAGE 4 - PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE

259 E. 5th Ave., Ste 300
Eugene, Oregon  97401
541-687-0020
Fax (541) 686-2137
blmichaels@hotmail.com

Attorneys for Plaintiffs

PAGE 5 - PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE